UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CHRISTOPHER JOHNSON, | ) | CASE NO. C07-0696-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Petitioner is currently incarcerated in the Monroe Correctional Complex in Monroe, Washington. He has filed a *pro se* "Notice of Removal Pursuant to 28 U.S.C. § 1443," along with an application for leave to proceed *in forma pauperis*. Because it appears that the "criminal prosecution" that petitioner is attempting to remove to federal court is either an appeal or a petition for postconviction relief, the Court recommends summarily remanding the matter to state court.

PROCEDURAL HISTORY

On April 23, 2007, petitioner filed a proposed "Notice of Removal Pursuant to 28 U.S.C. § 1443." (Dkt. #1). In the caption of the notice, petitioner put a docket number from the "State

REPORT AND RECOMMENDATION
PAGE -1

Supreme Court." (*Id.* at 1). In the body of the notice, petitioner failed to state whether he was trying to remove a civil or a criminal case from state court to federal court. Indeed, as the Court noted previously, it is unclear whether plaintiff is currently a defendant in *any* state court proceeding, which is a requirement of the removal statute relied upon by petitioner. *See* 28 U.S.C. § 1443. In addition, petitioner did not show that he had met the time limits for removal specified in 28 U.S.C. § 1446. Accordingly, on May 22, 2007, the Court issued an Order to Show Cause directing petitioner to address these deficiencies within 15 days of receipt of the Order. (Dkt. #6).

On June 1, 2007, this Order was returned to the Clerk as undeliverable. (Dkt. #7). On June 13, 2007, petitioner filed a notice of change of address with the Clerk. (Dkt. #8). In the notice, petitioner requested that he be granted additional time to respond to the Court's Order to Show Cause. The Court hereby grants petitioner's request and will consider petitioner's response, which was filed on June 26, 2007. (Dkt. #9)

## DISCUSSION.

The federal removal statute provides that in order to remove a state "criminal prosecution" to federal court, a defendant shall file in the federal district court a notice of removal within thirty days after arraignment or before trial, whichever is earlier. 28 U.S.C. § 1446(c)(1). The removal statute is strictly construed because it is considered an encroachment on state court jurisdiction. *See, e.g., Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1,4 (1ST Cir. 1999).

As mentioned, petitioner's original notice of removal failed to identify an on-going criminal prosecution that could be removed to federal court. In response to the Court's Order to Show Cause, petitioner states that he is seeking to remove "an on-going criminal prosecution, *by and through direct appeal, and postconviction relief.*" (Dkt. #9 at 1) (emphasis added). Petitioner

attaches no exhibits to his response, nor to his earlier notice of removal, that demonstrate the nature of the proceedings in state court to which he refers. Petitioner's own words, however, indicate that the proceedings in state court are not an on-going prosecution but rather an appeal or other form of petition for postconviction relief.

Because the removal statute clearly does not apply to an appeal or petition for postconviction relief, petitioner's notice of removal should be summarily remanded.[1] A proposed Order is attached.

DATED this 3rd day of July, 2007.

Mary Alice Theiler
United States Magistrate Judge

---

[1] Although it appears that petitioner's state court appeal has remained in the state court, and thus, use of the word "remand" seems inappropriate, that is the language that the removal statute suggests be used when, as here, notice of removal is clearly deficient. *See* 28 U.S.C. § 1446(c)(4).

REPORT AND RECOMMENDATION
PAGE -3